

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-97,185-01

## EX PARTE RAMIRO MARTINEZ, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1256679-A IN THE 182ND DISTRICT COURT
## HARRIS COUNTY

SCHENCK, P.J., filed a concurring opinion.

## CONCURRING OPINION

Applicant Ramiro Martinez was sixteen years old when he killed Derrick Desmond Godfrey, and eighteen years old when a Harris County jury convicted him of capital murder, resulting in his sentence of life without the possibility of parole. The Court is correct to reform his sentence to reflect a mandatory sentence of life

given the development of Eighth Amendment jurisprudence and corresponding legislative changes to Texas Penal Code section 12.31(a).

I write separately to note the question, which might be raised in a future case,[1] of whether our State Constitution permits a mandatory life sentence for a juvenile offender, including and especially, in circumstances where culpability rests on the doctrines approximating transferred intent or where the juvenile offender lacked the specific intent to kill. *See Graham v. Florida*, 560 U.S. 48, 60 (2010) (providing a multi-factor test for whether a sentence is categorically disproportionate to the crime prosecuted, in addition to a comparative analysis); *State v. Simpson*, 488 S.W.3d 318 (Tex. Crim. App. 2016) (assessing Simpson's claims of sentencing disproportionality in light of *Graham*).

## DISCUSSION

"[T]he Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller v. Alabama*, 567 U.S. 460, 479 (2012). Some thirty years before *Miller*, the Supreme Court considered the Eighth Amendment's authority on sentencing proportionality,

---

[1] The concerns I highlight here would likely require recognition of a new rule. As this case does not present those concerns — or at least not in there most acute form — I find it proper at this stage simply to highlight them here.

generally deferring to the States when addressing the constitutionality of a sentence's length. *See Rummel v. Estelle*, 445 U.S. 263, 284 (1980) ("We believe that Texas is entitled to make its own judgment . . . subject only to those strictures of the Eighth Amendment that can be informed by objective factors."); *see also Hutto v. Davis*, 454 U.S. 370, 374 (1982) ("*Rummel* stands for the proposition that federal courts should be 'reluctan[t] to review legislatively mandated terms of imprisonment'").[2]

In *Solem v. Helm*, 463 U.S. 277 (1983), the Justices distinguished a sentence of life without parole as "far more severe" than a life sentence involving parole eligibility, as in *Rummel*, where the petitioner would likely "have been eligible for parole within twelve years of his confinement." *See Helm*, 463 U.S. at 297, 303. By my understanding, Martinez may first become eligible for parole some forty years after his sentence began. TEX. GOV'T CODE §508.145(b).

Our Texas Constitution's Article 1, Section 13 largely mirrors the federal Eighth Amendment and would be identical but for an additional clause regarding open courts following its first sentence. Chronologically, it can be inferred that the

---

[2] The Justices have treated death penalty cases differently. *See Rummel*, 445 U.S. at 272; *see also Coker v. Georgia*, 433 U.S. 584, 592 (1977) ("It is now settled that the death penalty is not invariably cruel and unusual punishment within the meaning of the Eighth Amendment; it is not inherently barbaric or an unacceptable mode of punishment for crime; neither is it always disproportionate to the crime for which it is imposed.").

framers of our 1876 Texas Constitution were aware of the Eighth Amendment's text at the time of its drafting.

Given the Supreme Court's interpretation of the Eighth Amendment as it applies to minors and to disproportionate sentencing, I pause to pose the distinct question of whether our own Texas Constitution might prohibit the mandatory life sentences for a juvenile defendant as a general matter, insofar as it results in the sentencing judgment being completely supplanted at trial and effectively replaced by the prosecutor's charging decision. Whether such sentences would track the culpability of the juvenile offender as it should, *see Graham*, 560 U.S. at 60, may be more a product of coincidence than of informed judgment of the fact-finder relative to the juvenile involved.

To that end, I will also note that our Constitution provides those tried in Texas a right to a jury trial. *See* TEX. CONST. art. I, § 13. I have no doubt that our Constitution leaves the Legislature free to permit waiver of juvenile jurisdiction and the resultant transfer to the adult trial and sentencing system. TEX. FAMILY CODE ANN. § 54.02 (describing waiver of exclusive juvenile court jurisdiction). That said, I am not aware of any decision of this Court addressing the question of whether that transfer of jurisdiction, when combined with the resultant mandatory sentencing, would fit within the Constitution's directive that the "[t]he Legislature shall pass

such laws as may be needed to regulate the [right to a jury trial] . . . *to maintain its purity and efficiency*." TEX. CONST. art. I, § 13.

Any tailoring or proportionality concern may become more acute when, unlike here, the waiver of juvenile jurisdiction infiltrates the rules governing the law of parties or, perhaps, felony murder, by which an underage actor becomes liable for participating in a criminal event culminating in an unintended result. *See* TEX. PENAL CODE § 19.02(b) (describing the crime of capital murder); *id.* §§ 7.01, 7.02, 7.03.

That said, I concur in today's decision.

Filed: February 12, 2026

Publish